**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LILY HAGUE et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MATTHEW J. PLATKIN et al.,<br><br>Defendants. | Hon. Robert Kirsch, U.S.D.J.<br>Hon. Rukhsana L. Singh, U.S.M.J.<br><br>Civil Action No. 25-cv-8826<br><br>**PROPOSED JOINT DISCOVERY PLAN**<br><br>Scheduling Conference Date:<br>September 23, 2025 |

In accordance with the Court's Order entered on August 15, 2025, setting the date for a Scheduling Conference, Fed. R. Civ. P. 26(f); L. Civ. R. 26.1, counsel for Plaintiffs and Defendants Matthew Platkin, Colonel Patrick J. Callahan, Raymond Santiago, and George Baumann conferred and respectfully submit this Proposed Joint Discovery Plan.[1]

[1] Defendant Pamela Bondi was served on August 25, 2025, and her responsive pleading deadline is September 15, 2025. *See* ECF No. 31. No counsel has entered appearance on behalf of Defendant Bondi as of September 8, 2025.

**1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.**

*Counsel for Plaintiffs Lily Hague, Second Amendment Foundation, Inc., and New Jersey Firearms Owners Syndicate*

Bradley P. Lehman
Whiteford, Taylor & Preston LLC
600 North King Street
Suite 300
Wilmington, Delaware 19801
(302) 295-5674
blehman@whitefordlaw.com

Raymond M. DiGuiseppe*
The DiGuiseppe Law Firm, P.C.
116 North Howe Street, Suite A
Southport, North Carolina 28461
(910) 931-0723
rmd@dlfpc.org
**Admitted Pro Hac Vice*

*Counsel for Defendants Matthew Platkin, Colonel Patrick J. Callahan, and Raymond Santiago*

Andrew H. Yang
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, P.O. Box 45029
Newark, NJ 07936
(609) 696-5278
Andrew.Yang@law.njoag.gov

Jonathan Mangel
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, P.O. Box 45029
Newark, New Jersey 07101
(609) 696-5216
Jonathan.Mangel@law.njoag.gov

Giancarlo G. Piccinini
Deputy Attorney General
New Jersey Office of the Attorney General
124 Halsey Street, P.O. Box 45029
Newark, New Jersey 07101
(609) 696-5283
Giancarlo.Piccinini@law.njoag.gov

*Counsel for Defendant George Baumann*

Charles John Uliano
Chamlin Uliano & Walsh
268 Norwood Avenue, P.O. Box 38
West Long Branch, New Jersey 07764
(732) 229-3200
cjuliano@chamlinlaw.com

**2. Set forth a brief description of the case, including the causes of action and defenses asserted.**

Plaintiffs allege that New Jersey's laws governing the possession, transportation, purchase, and carrying of handguns by individuals under the age of twenty-one violate the Second and Fourteenth Amendments of the United States Constitution.

Plaintiffs are a New Jersey individual, Lily Hague; and two organizations, Second Amendment Foundation, Inc., and New Jersey Firearms Owners Syndicate. Defendants are New Jersey Attorney General, Matthew J. Platkin; Superintendent of the New Jersey State Police, Colonel Patrick J. Callahan; Monmouth County Prosecutor, Raymond Santiago (together "State Defendants"); Chief of Police for the Township of Freehold, George Baumann; and Attorney General of the United States, Pamela Bondi.

State Defendants assert the following affirmative defenses: (1) that they have not deprived Plaintiffs of any right, privilege, or immunity secured to them by the United States Constitution or any Act of Congress; (2) that Plaintiffs have failed to state a claim upon which relief may be granted; (3) that Plaintiffs lack standing; (4) that the claims asserted are not ripe for adjudication; (5) that State Defendants enjoy absolute and/or qualified immunity from the claims raised in the suit; (6) that the conduct that is regulated by the challenged New Jersey law is not protected by the Second Amendment; and (7) that the challenged New Jersey law does not violate

the Second Amendment because it is consistent with this Nation's historical tradition of firearms regulation; (8) any other separate affirmative defense that continuing investigation and discovery may indicate.

Defendant Baumann asserts the following affirmative defenses: (1) that Plaintiffs have failed to state a cause of action upon which relief may be granted; (2) that the cause of action as stated is frivolous; (3) denying the existence of or breach of any duty and further denying the existence of or breach of any contractual obligation, express or implied; (4) that Defendant Baumann is guilty of no intentional misconduct which proximately caused any injury to Plaintiffs; (5) that the claims are barred by laches; (6) that the claims are barred by estoppel; (7) that Defendant Baumann asserts the applicability of provisions of N.J. Stat. Ann. § 59:2-1, et seq. as to the immunities available to the public entity and/or public employees; (8) that Defendant Baumann asserts the applicability of provisions of N.J. Stat. Ann. § 59:3-1, et seq. as to the immunities available to public employees; (9) that Defendant Baumann asserts the applicability of provisions of N.J. Stat. Ann. § 59:5-1, et seq. as to the immunities available for police activities; (10) that Defendant Baumann asserts the applicability of provisions of N.J. Stat. Ann. § 59:8-1, et seq. regarding compliance with requirements to file a claim against public entities; (11) that Defendant Baumann asserts the applicability of provisions of N.J. Stat. Ann. § 59:9-1, et seq. concerning the conditions of suit and judgment; (12) that any injury

occurring to Plaintiffs was the direct and proximate cause of Plaintiffs own conduct; (13) that Defendant Baumann, if involved at all, acted within the scope of his authority and in good faith performance of his duties; (14) that Defendant Baumann, if involved at all, acted reasonably and properly under the circumstances; (15) that no malicious intent of causing deprivation of plaintiff's civil rights and/or constitutional rights has been factually set out against Defendant Baumann; (16) that Plaintiffs have failed to show approval or acquiescence of Defendant Baumann of the action as alleged; (17) that Defendant was carrying out his duties as an official and employee of the municipal entity and is entitled to qualified immunity under the statutes; (18) that Defendant Baumann denies all the allegations of improper conduct as set forth in Plaintiffs' Complaint; however the alleged misconduct does not rise to the level of a constitutional violation; (19) that Defendant Baumann acted in good faith and without malicious intent to deprive Plaintiffs of constitutional rights; (20) that Defendant Baumann had no knowledge of the actions by co-Defendants; (21) that actions and/or inactions of Defendant Baumann do not rise to the level of deliberate indifference to the Plaintiffs' constitutional rights; (22) that Defendant Baumann does not have in place any constitutionally depriving policies or customs; (23) that this suit is barred by the statute of limitations, N.J. Stat. Ann. § 2A:14-1, et seq.; (24) that this Court lacks jurisdiction over the subject matter of this litigation; (25) that Plaintiffs failed to exhaust its administrative remedies; (26) that Plaintiffs

have not suffered any damages; (27) that Plaintiffs lack standing; (28) that Defendant Baumann is entitled to qualified and/or absolute immunity; (29) that Defendant Baumann reserves the right to raise additional defenses as may be deemed appropriate through discovery.

Plaintiffs dispute Defendants' affirmative defenses.

**3. Have settlement discussions taken place?**

No. Given the nature of the dispute, such discussions are unlikely to be of value.

**4. Counsel for Plaintiffs, State Defendants, and Defendant Baumann conferred pursuant to Fed. R. Civ. P. 26(f) on August 27, 2025.**

**5. Plaintiffs' and Defendants' counsel will exchange initial disclosures by September 10, 2025, consistent with Fed. R. Civ. P. 26(a)(1).**

**6. Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1).**

Not applicable.

**7. The parties have not filed disclosures of third-party litigation funding pursuant to Local Civil Rule 7.1.1 because such disclosures are inapplicable to the present matter.**

**8. The parties have not conducted discovery other than the above disclosures.**

**9. Proposed joint discovery plan:**

(a) Discovery is needed on the following subjects:

**Plaintiffs:** Plaintiffs maintain that this case presents purely a question of law, which has already been resolved in their favor under the binding precedent of *Lara v.*

*Commissioner Pennsylvania State Police*, 125 F.4th 428 (3rd Cir. 2025). No material facts in dispute exist about "standing." The only material facts in this case are the age of Plaintiff and those similarly situated to her (i.e., over 18 but under 21), their status as individuals not prohibited under state or federal law from exercising the rights guaranteed under the Second Amendment (other the age restriction at issue), and their desire to engage in the lawful exercise of those rights. None of those facts is even subject to reasonable dispute, obviating the need for any substantial discovery. And with that, the binding precedent of *Lara* compels judgment in Plaintiffs' favor. As already mapped out in *Lara*, the conduct at issue—acquiring, purchasing, and possessing a handgun for self-defense and other lawful purposes, lawfully carrying that handgun in public for self-defense, and acquiring the ammunition necessary to use a handgun for all such purposes—is indisputably protected under the plain text of the Second Amendment to the United States Constitution, made applicable to New Jersey through the Fourteenth Amendment. The class of individuals for whom Plaintiffs seek to secure the ability to lawfully engage in such conduct—adults 18 to 20 years old but under the age of 21—are indisputably included among "the people" for whom the Second Amendment guarantees the right to keep and bear arms. The burden indisputably rests with the government to demonstrate that its regulation of this otherwise protected conduct "is consistent with this Nation's historical tradition of firearm regulation." *New York*

*State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1, 24 (2022). The government indisputably cannot carry its burden here. The relevant historical record is bereft of any "comparably justified" analogue—*Bruen*, 597 U.S. at 29—prohibiting adults under 21 from purchasing, acquiring, possessing, or carrying handguns or banning otherwise lawful commerce between dealers and adults under 21. That is the end of the story. *See Lara*, 125 F.4th at 445 ("Our question is whether the Commissioner has borne his burden of proving that Pennsylvania's restriction on 18-to-20-year-olds' Second Amendment rights is consistent with the principles that underpin founding-era firearm regulations, and the answer to that is no.").

**Defendant Baumann:** Defendant will seek discovery as to: Plaintiffs' standing as no application was submitted; Defendant's liability for an alleged violation of 42 U.S.C. Sec. 1983; the allegations in Plaintiffs' Complaint; and as to any experts that Plaintiffs provide.

**State Defendants:** State Defendants will seek discovery related to the allegations in Plaintiffs' complaint. State Defendants will seek to discover information about Plaintiffs' standing and Plaintiffs' desire for 18- to 20-year-olds, including Plaintiff Lily Hague's, to purchase, transport, possess, or carry handguns.

State Defendants will also seek and provide evidence in support of their position that New Jersey's laws regulating the purchase, transportation, possession,

or carrying of handguns by 18- to 20-year-olds do not violate Plaintiffs' Second and Fourteenth Amendment rights.

The final decision on the merits in this case will be guided by the Supreme Court's *Bruen* and *Rahimi* decisions, which require that Plaintiffs show that the plain text of the Second Amendment covers their desired conduct; and if so, the burden will shift to the government to justify the challenged laws by demonstrating how and why those laws are "consistent with the principles that underpin" the Nation's historical regulatory tradition. *See United States v. Rahimi*, 602 U.S. 680, 691–92 (2024); *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 22–24 (2022).

To justify a challenged law under the *Bruen*/*Rahimi* test, State Defendants "need not" identify a historical "'dead ringer' or a 'historical twin'"; rather, State Defendants need only show that the challenged law is "'relevantly similar' to laws that our tradition is understood to permit." *Rahimi*, 602 U.S. at 691–92 (quoting *Bruen*, 597 U.S. at 29, 30). Even where "a challenged regulation does not precisely match its historical precursors, 'it still may be analogous enough to pass constitutional muster.'" *Id.* at 692 (quoting *Bruen*, 597 U.S. at 30).

State Defendants will demonstrate that the challenged law is consistent with this Nation's historical regulatory tradition, which, according to the analysis required by *Bruen* and *Rahimi*, will involve examining historical laws and regulations that govern the purchase, possession, and use of firearms and weapons, including specific

historical analogues to the laws challenged here. That is because courts deciding Second Amendment challenges must "decide [the] case based on the historical record compiled by the parties" and rely on "party presentation" to that end. *Bruen*, 597 U.S. at 25 n.6. To aid the Court's interpretation of the historical laws compiled, expert reports will, among other things, provide useful historical context to aid the Court's evaluation of whether historically traditional regulatory principles "impose[d] a comparable burden on the right of armed self-defense" and whether those principles and the laws challenged here are "comparably justified." *Id.* at 29.

State Defendants will also seek discovery from experts that Plaintiffs provide.

(b) <u>Discovery should be conducted in phases as described below.</u>

(c) <u>Proposed schedule</u>:

(1) Fed. R. Civ. P. 26 disclosures – **Counsel for Plaintiffs, State Defendants, and Defendant Baumann will exchange initial disclosures by September 10, 2025, consistent with Fed. R. Civ. P. 26(a)(1).**

(2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) **– not applicable.**

(3) Service of initial written discovery requests – **October 15, 2025**.

(a) Maximum of **25** Interrogatories by each party to each other party.
(b) Maximum of **5** fact depositions to be taken by each party.

(4) Motions to amend or to add parties to be filed by **October 24, 2025.**

(5) Factual discovery to be completed by **January 23, 2026**.

(6) The Parties' expert reports due by **February 20, 2026**.

(7) The Parties' rebuttal expert reports due by **March 20, 2026 (if applicable).**

(8) Expert depositions to be completed by **May 15, 2026**.

(9) Dispositive motions to be filed by **June 12, 2026**.

(d) Set forth any special discovery mechanism or procedure requested. – **Not applicable.**

(e) A pretrial conference may take place on **a date to be determined later by the court.**

(f) Trial date: **To be determined later by the court.**

**10. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out−of−state witnesses or documents, etc.)? If so, please explain.**

The parties may wish to conduct video-recorded depositions but do not anticipate any other special discovery needs at this time.

**11. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?**

No.

**If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.**

Not applicable.

**12. Do you anticipate entry of a Discovery Confidentiality Order? See L. Civ. R. 5.3(b) and Appendix S.**

The need for entry of a Discovery Confidentiality Order is uncertain at this time. The parties therefore reserve the right to request entry of such an order at a later date.

**13. Do you anticipate any discovery problem(s) not listed above? Describe.**

No.

**14. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at disposition or dispositive motions, etc.).**

The parties agree that this case is not appropriate for arbitration or mediation because it presents a constitutional challenge to state laws.

**15. Is this case appropriate for bifurcation?**

No.

**16. Status conferences may be scheduled at the Court's convenience.**

**17. We do not consent to the trial being conducted by a Magistrate Judge.**

**18. Identify any other issues to address at the Rule 16 Scheduling Conference.**

None at this time.

**WHITEFORD, TAYLOR & PRESTON LLC**

*/s/ Bradley P. Lehman*
Bradley P. Lehman, Esq.
Attorney for Plaintiffs
Date: September 8, 2025

**MATTHEW J. PLATKIN ATTORNEY GENERAL OF NEW JERSEY**

*/s/ Andrew H. Yang*
Andrew H. Yang
Deputy Attorney General
Attorney for Defendants Matthew J. Platkin, Colonel Patrick J. Callahan, and Raymond Santiago
Date: September 8, 2025

**CHAMLIN ULIANO & WALSH**

Charles John Uliano
Attorney for Defendant George Baumann
Date: Sept 8, 25