**U.S. Department of Justice**

United States Attorney's Office
District of New Jersey
*Civil Division*

*Robert Frazer*
*United States Attorney*

*Kevin J. Maggio*
*Assistant United States Attorney*
*Senior Trial Counsel, Civil Division*

*401 Market Street, 4th Floor*
*P.O. Box 2098*
*Camden, NJ 08101*
*kevin.maggio@usdoj.gov*

*Main: (856) 757-5026*
*Direct: (973) 986-6708*
*Fax: (856) 968-4917*

November 9, 2026

**<u>Via Electronic Filing</u>**
Hon. Robert Kirsch, U.S.D.J.
United States District Court
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

**Re: *Hague v. Platkin*, No. 25-cv-8826 (RK) (RLS)**
**Request for Pre-Motion Conference Concerning the Federal Defendant's Anticipated Motion to Dismiss**

Dear Judge Kirsch:

This Office represents the Federal Defendant in the above-referenced matter in which Plaintiffs bring a Second Amendment challenge to provisions of the Gun Control Act of 1968—18 U.S.C. § 922(b)(1) and (c)(1). We write in accordance with Your Honor's Rules and Procedures to respectfully request a pre-motion conference regarding the Federal Defendant's anticipated motion to dismiss.

**A. Background**

The provisions of the Gun Control Act at issue here are the subject of a split among Circuit Courts of Appeals. *Compare Reese v. ATF*, 127 F.4th 583 (5th Cir. 2025), *with McCoy v. ATF*, 140 F.4th 568 (4th Cir. 2025); *see also NRA v. Bondi*, 133 F.4th 1108 (11th Cir. 2025) (en banc) (holding that a state ban on the purchase of firearms by those under 21 is constitutional). The Attorney General of the United States recently asked the U.S. Department of Justice's Office of Legal Counsel ("OLC") whether 18 U.S.C. § 922(b)(1) and (c)(1), along with their implementing regulations, comport with the Second Amendment to the U.S. Constitution. On September 17, 2026, OLC addressed those questions in a published opinion and determined that the challenged restrictions are inconsistent with the Second Amendment. *See generally Application of 18 U.S.C. § 922(b)(1) and (c)(1) to Young Adults*, Slip Op., O.L.C., Sept. 17, 2026, https://www.justice.gov/olc/media/1461811/dl

(last visited Nov. 9, 2026) (hereinafter "OLC Opinion"). OLC concluded that the challenged restrictions "may not be enforced to impose criminal penalties on dealers who sell handguns" to persons between the ages of 18 and 20. *Id.* at 1, 49.

**B. Plaintiffs' Claim Against the Federal Defendant Is Moot**

"Under Article III of the Constitution, a federal court may adjudicate 'only actual, ongoing cases or controversies.'" *United States v. Prophet*, 989 F.3d 231, 234 (3d Cir. 2021) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). "Article III denies federal courts the power to decide questions that cannot affect the rights of litigants in the case before them, and confines them to resolving real and substantial controversies admitting of specific relief[.]" *Lewis*, 494 U.S. at 477 (cleaned up). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Prophet*, 989 F.3d at 234 (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Therefore, "[i]f developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001) (cleaned up).

In light of the OLC Opinion, Plaintiffs' claim against the Federal Defendant is moot. Plaintiffs challenge federal restrictions on the commercial sale of handguns to individuals under the age of 21. Compl. ¶¶ 117-25. But OLC has now concluded that those restrictions are unconstitutional and "may not be enforced." OLC Opinion at 1, 49. That opinion "'reflect[s] the legal position of the executive branch'" and involves what is "'generally viewed as . . . binding interpretive guidance for executive agencies.'" *Casa de Md. v. U.S. Dep't of Homeland Sec.*, 924 F.3d 684, 692 n.1 (4th Cir. 2019) (quoting *United States v. Arizona*, 641 F.3d 339, 385 n.16 (9th Cir. 2011)); *see also Campaign for Accountability v. U.S. Dep't of Justice*, 155 F.4th 724, 729 (D.C. Cir. 2025) ("Executive Branch officials consider final OLC opinions to be controlling legal advice."). Because the Executive Branch has now concluded that the challenged restrictions are unconstitutional, there is no imminent risk that it will enforce the restrictions against anyone, including Plaintiffs and their members. Thus, Plaintiffs no longer have a "legally cognizable interest in the outcome" of their claim against the Federal Defendant. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).

In rare circumstances, exceptions to the mootness doctrine may permit a court to continue exercising jurisdiction over a claim despite the challenged conduct having ceased, such as where a defendant's voluntary cessation of challenged conduct may not moot a case because the conduct can "reasonably be expected to recur" or a dispute

may be "capable of repetition yet evading review." *Smith v. President United States*, No. 24-3007, 2025 WL 3515398, at *3-4 (3d Cir. Dec. 8, 2025). Neither exception applies here. There is no reasonable expectation that Plaintiffs will be subject to the challenged restrictions again in light of the OLC's conclusion that such restrictions "may not be enforced."

**C. The Individual and Organizational Plaintiffs' Lack Standing**

Plaintiff Lily Hague, the only individual plaintiff in this matter, brings a pre-enforcement challenge to 18 U.S.C. § 922(b)(1) and (c)(1). But a pre-enforcement challenge is the "the exception rather than the rule" and, "[e]ven in constitutional cases, there is no unqualified right to pre-enforcement review." *National Shooting Sports Found. v. Attorney Gen. United States*, 80 F. 4th 215, 219 (3d Cir. 2023) (internal quotation marks and citations omitted). Indeed, the Supreme Court has emphasized that pre-enforcement review is severely limited and warranted only "under circumstances that render the threatened enforcement sufficiently imminent." *Susan B. Anthony List v. Driehaus,* 573 U.S. 149, 158-59 (2014). To bring a pre-enforcement challenge, Ms. Hague must establish, *inter alia*, that "the threat of enforcement against [her] is substantial" and "credible." *National Shooting Sports Found*, 80 F.4th at 219-20 (citation omitted). She is unable to do so. While she contends that she would purchase a handgun if not for her "reasonable fear" that the challenged restrictions would be enforced, Compl. ¶ 24, that fear is baseless in light of the OLC's conclusion that the challenged restrictions "may not be enforced."

The organizational Plaintiffs, Second Amendment Foundation, Inc., and New Jersey Firearms Owners Syndicate, claim associational standing to sue on behalf of their respective members. *See* Compl. ¶¶ 26-32. To demonstrate associational standing, the organizational Plaintiffs must establish, *inter alia*, that at least one of their members has standing to sue in her or his own right. *See PJM Power Providers Grp. v. FERC*, 88 F. 4th 250, 265 (3d Cir. 2023), *amended*, No. 21-3068, 2024 WL 259448 (3d Cir. Jan. 24, 2024). However, the organizational Plaintiffs are unable to do so for the same reasons Ms. Hague cannot demonstrate that she faces a substantial and credible threat that the challenged restrictions will be enforced—the OLC has concluded that such restrictions "may not be enforced."

Should Your Honor determine that a pre-motion conference would not be helpful, this Office respectfully requests 30 days from entry of the Court's order to file its motion to dismiss. We thank the Court for its consideration of this request.

Respectfully submitted,

ROBERT FRAZER
United States Attorney

By: *s/ Kevin J. Maggio*
KEVIN J. MAGGIO
Assistant United States Attorney
Senior Trial Counsel, Civil Division
*Attorneys for the Federal Defendant*

cc: All counsel of record (*via electronic filing*)